UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

        Plaintiff,                        16-CV-_____

    v.

LOCAL 435, LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA,

        Defendant.

# COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, by and through his undersigned attorneys, hereby files this Complaint and alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring void the June 10, 2016, election of union officers conducted by Local 435, Laborers' International Union of North America (LIUNA) (Defendant), for the offices of President, Recording Secretary, Business Manager/Secretary Treasurer, Executive Board Member (three positions), Delegate to International Convention (two positions), Auditor (three positions), and Sergeant-at-Arms, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4.Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Monroe, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. § 402(i) and (j) and 481(b)).

7.Defendant, purporting to act pursuant to the LIUNA's International Constitution and the LIUNA Local Union Uniform Constitution, conducted an election of

union officers on June 10, 2016, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

8. By letter sent June 17, 2016, to the LIUNA General Executive Board, the complainant, James Vandervoort, a member in good standing of the Defendant, protested the election.

9. By letter dated July 19, 2016, to Vandervoort, the LIUNA's General Executive Board denied the protest.

10. Having exhausted the remedies available and having received a final decision, Vandervoort filed a timely complaint with the Secretary of Labor on July 26, 2016, within the one calendar month required by section 402(a)(1) of the Act (29 U.S.C. § 482(a)(1)).

11. By letter signed September 8, 2016, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to October 24, 2016.

12. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's June 10, 2016 election; and (2) that such violations had not been remedied at the time of the institution of this action.

13. During the course of the election campaign, on May 26, 2016 and June 6, 2016, Defendant's incumbent business manager/secretary treasurer used his union email

account, laptop, and cell phone to review, edit, send, and receive campaign materials promoting all members of the incumbent slate, communicating with the company hired by Defendant to create and design the candidates' campaign literature.

14.  On May 26, 2016 and June 6, 2016, Defendant's incumbent business manager/secretary treasurer prepared and transmitted campaign materials promoting all members of the incumbent slate while on union paid time.

15.  The first set of campaign materials resulting from the incumbent business manager/secretary treasurer's use of said union resources was mailed to 974 of Defendant's members on May 27, 2016.  The second set of such materials was mailed to 300 of the Defendant's members on or around June 9, 2016.

16.  A member of the Defendant used an employer's list of union members and computer to create and transmit a campaign letter supportive of the incumbent slate.

17.  The campaign letter was mailed to as many as 52 members during the election campaign.

## FIRST CAUSE OF ACTION

18.  Section 401(g) of the Act, 29 U.S.C. § 481(g), states, in part, no moneys received by any labor organization by way of dues, assessment, or similar levy shall be contributed or applied to promote the candidacy of any candidate for union office.

19.     Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the aforesaid in that the incumbent business manager/secretary treasurer used union resources to further his slate's election campaign.

## SECOND CAUSE OF ACTION

20.     Section 401(g) of the Act, 29 U.S.C. § 481(g), states, in part, that no moneys of an employer shall be contributed or applied to promote the candidacy of any person in an election subject to the provisions of this title.

21.     Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of the election in that an employer's list of employees and computer were used to create and transmit a campaign letter supportive of the incumbent slate.

22.     The two violations of section 401(g) of the Act (29 U.S.C. § 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Recording Secretary, Business Manager/Secretary Treasurer, Executive Board Member (three positions), Delegate to International Convention (two positions), Auditor (three positions), and Sergeant-at-Arms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President, Recording Secretary, Business Manager/Secretary Treasurer, Executive Board Member (three positions), Delegate to International Convention (two positions), Auditor (three positions), and Sergeant-at-Arms to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated: October 24, 2016
      Rochester, New York

                                  Respectfully submitted,

                                  BENJAMIN C. MIZER
                                  Principal Deputy Assistant Attorney General

                                  WILLIAM J. HOCHUL, JR.
                                  United States Attorney

                        By:  **/s/Kathryn L. Smith**
                                  Assistant United States Attorney
                                  Western District of New York
                                  100 State Street
                                  Rochester, NY  14614
                                  585-399-3961

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

CLINTON WOLCOTT
Counsel for Labor-Management Programs

WILLIE B. WHITE
Senior Attorney

U.S. Department of Labor