UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

R. ALEXANDER ACOSTA, SECRETARY OF
LABOR, UNITED STATES DEPARTMENT
OF LABOR,



           Plaintiff,          16-CV-6695 EAW-JWF

vs.

LOCAL 435, LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA,

           Defendant.

## STIPULATION OF SETTLEMENT WITH
## RETENTION OF JURISDICTION BY THE DISTRICT COURT

It is hereby stipulated that the Plaintiff, R. Alexander Acosta, Secretary of Labor ("Secretary") and the Defendant, Local Union 435, Laborers' International Union of North America ("Local 435," "Defendant," or "LIUNA") by and through their undersigned counsel hereby agree to the settlement of this dispute as follows and respectfully request that the Court so order:

    1.    The Secretary brought this action pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended, 29 U.S.C. §§ 401, *et seq.*, ("Act"), which governs the conduct of union officer elections. The action sought to void the

{B0078342.1}

Defendant's June 10, 2016 election of union officers for the President, Recording Secretary, Business Manager/Secretary Treasurer, and Sergeant-at-Arms, three Executive Board positions, and two LIUNA delegate positions, and to direct Local 435 to conduct a new election for these offices under the Secretary's supervision.

2. Following an investigation, the Secretary filed the Complaint in this matter on October 24, 2016. Based upon that investigation, the Complaint alleged that union resources and employer resources were used to further the campaign efforts of the incumbent officers of Local 435 in violation of Section 401(g) of the Act (29 U.S.C. § 481(g)). The Complaint further alleged that said violations of Section 401(g) of the Act (29 U.S.C. § 481(g)) may have affected the outcome of Local 435's June 10, 2016 election of union officers. Local 435 Answered the Complaint on December 30, 2016. In its Answer, Local 435 denied all material allegations of the Complaint and asserted that the activities complained of did not violate Section 401(g) of the Act and/or did not affect the outcome of the election.

3. This Stipulation of Settlement with Retention of Jurisdiction by the District Court is neither an admission of wrongdoing by the Defendant in the conduct of its June 10, 2016 election of union officers nor a concession by the Secretary that the Complaint is not well-founded.

4. The Parties, in settlement of this action, hereby stipulate and agree that the Defendant shall conduct, under the supervision of the Secretary, the Defendant's next regularly-scheduled election of officers, to be conducted in June 2019, including nominations for all officer positions.

5. The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable, in accordance with the LIUNA Constitution ("Constitution") and the Local 435 Bylaws ("Bylaws").

6. All decisions as to the interpretation or application of Title IV of the Act and the Constitution and the Bylaws relating to the supervised election are to be determined by the Secretary, and his decisions shall be final and binding.

7. The Court shall retain jurisdiction of this action. After completion of the supervised election, the Secretary shall certify to the Court the names of the persons so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with said Constitution and Bylaws. Upon the Court's receipt and approval of such certification, the Court shall enter a judgment declaring that such persons have been elected as shown by such certification to serve as the duly elected officers of Local 435 for a three-year term, as specified in the Defendant's Constitution and Bylaws.

8. Each party agrees to bear its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

          Respectfully submitted,

          KATE S. O'SCANNLAIN
          Solicitor of Labor

          BEVERLY DANKOWITZ
          Associate Solicitor of Labor

          RADINE LEGUM
          Deputy Associate Solicitor of Labor

          WILLIE B. WHITE
          Senior Attorney
          U.S. Dept. of Labor

          JAMES P. KENNEDY, JR.
          United States Attorney

By:    *s/Kathryn L. Smith*
        Kathryn L. Smith
        Assistant United States Attorney
        United States Attorney's Office
        100 State Street, Suite 500
        Rochester, New York 14614
        Phone: (585) 399-3961
        Kathryn.L.Smith@usdoj.gov

*Attorneys for Plaintiff*

*s/Jules L. Smith*
*s/Nolan J. Lafler*
Jules L. Smith, Esq.
Nolan J. Lafler, Esq.
Blitman & King LLP
16 West Main Street, Suite 500
Rochester, New York 14614-1606
Phone: (585) 232-5600
jlsmith@bklawyers.com
njlafler@bklawyers.com

*Attorneys for Defendant*

SO ORDERED:

ELIZABETH A. WOLFORD
DISTRICT COURT JUDGE

{B0078342.1}          4